UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FORREST G. QUINN,

    Plaintiff,

v.

ANVIL CORPORATION, *et al.*,

    Defendants.

No. C08-0182RSL

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DISMISSING REMAINING CLAIMS

This matter comes before the Court on "Plaintiff's Motion for Reconsideration of Decision Regarding the Anvil Corporation's Supplemental Motion to Dismiss." Dkt. # 168. Plaintiff argues that the reverse stock split that deprived him of his shares in Anvil Corporation was invalid under state law because "the change was . . . somehow fraudulent." Sound Infiniti, Inc. v. Snyder, 145 Wn. App. 333, 343 (2008). Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). Plaintiff has not met this burden.

Plaintiff argues that the reverse stock split should be unwound because the Board of Directors fraudulently represented that the proposed amendments to the Articles of Incorporation were in the best interests of the corporation and understated the value of Anvil

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION AND
DISMISSING REMAINING CLAIMS - 1

1 Corporation shares in its effort to win approval of the amendments. The same arguments were made in response to defendants' supplemental motion to dismiss. Dkt. # 128 at 19-20. After reviewing the memoranda, declarations, and exhibits submitted by the parties, the Court found no evidence of fraud and refused to allow plaintiff "to use this derivative action to launch an investigation of the shareholder vote to see whether fraud occurred . . . ." Dkt. # 160 at 6. In support of his motion for reconsideration, plaintiff argues that he has obtained additional evidence of fraud that could not have been presented to the Court with his original opposition. While this may be technically true, plaintiff had the financial documents on which his motion for reconsideration depends since September 17, 2008, more than a month before the Court heard oral argument on the motion to dismiss. Had plaintiff been reasonably diligent, this "new" evidence could have been brought to the Court's attention and considered before the Court issued its decision on October 31st. Plaintiff has therefore failed to show that reconsideration is warranted.

Even if the Court were to consider the "new" evidence, the financial documents are equivocal, would not invalidate the reverse stock split, and would not establish manifest error in the prior ruling. Plaintiff seeks to draw a one-to-one correlation between net income and stock price, a valuation process that ignores all other factors that effect the value of a company's stock (such as one-time asset sales, planned expenditures, and prospects for new business). The "new" evidence does not raise an inference of fraud under RCW 23B.13.020(2). To the extent plaintiff believes the cash payment offered for his fractional share is insufficient, he may seek an adjustment of the share value through the statutory appraisal process provided for dissenting shareholders. See Sound Infiniti, 145 Wn. App. at 344.

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION AND
DISMISSING REMAINING CLAIMS - 2

1  For all of the foregoing reasons, plaintiff's motion for reconsideration (Dkt. # 168)
2  is DENIED. Because plaintiff has offered no other response to the Order to Show Cause issued
3  on October 31, 2008 (Dkt. # 161), the remaining claims asserted in this derivative action should
4  be, and hereby are, dismissed for the reasons stated in this Court's "Order Granting Anvil
5  Defendants' Supplemental Motion to Dismiss." All pending motions are hereby DENIED as
6  moot. The Clerk of Court is directed to enter judgment in favor of defendants and against
7  plaintiff.

Dated this 5th day of January, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION AND
DISMISSING REMAINING CLAIMS - 3